IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER GARBER, et al., ) | No. CV-F-04-6040 REC |
| ) | |
| ) | ORDER DENYING APPELLANTS' |
| ) | MOTION TO RECUSE JUDGE COYLE |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| NATIONAL UNION FIRE ) | |
| INSURANCE COMPANY OF ) | |
| PITTSBURGH, PA, ) | |
| ) | |
| ) | |
| Appellees. ) | |
| ) | |

On August 1, 2005, the court heard appellants' motion to recuse Judge Coyle.

Upon due consideration of the record and the arguments of the parties, the court denies appellants' motion for the reasons set forth herein.

Chester and Emilia Garber, debtors/appellants, have filed an appeal from three orders of the Bankruptcy Court authorizing payment by the Chapter 7 bankruptcy estate in Bk. No. 94-14422-A-7 to National Union Fire Insurance Company of Pittsburgh, PA as

an administrative claim for attorneys' fees and costs.[1]  The appeal was filed in the district court on July 30, 2004 and was assigned to me on that date.  In the Garbers' reply brief in support of their appeal filed on May 20, 2005, the Garbers submitted as an attachment to that reply brief a motion to recuse me from hearing the appeal.  After being advised by the courtroom deputy that the motion to recuse must be filed as a separate motion, the Garbers filed a motion to recuse you from hearing this appeal on June 7, 2005.

In moving for my recusal, the Garbers contend that most of the fees and costs were incurred in connection with <u>National Union v. Garber, et al.</u>, No. CV-F-94-5414 REC (hereinafter the District Court case or the Fraudulent Conveyance Action).  A motion for attorneys fees in the Fraudulent Conveyance Action is pending before me.  The Garbers contend that all of the fees and costs included in the District Court case are included in the Bankruptcy Court's orders which are the subject of the Garbers' instant appeal.  According to the Garbers, some of the fees and costs were approved by the Bankruptcy Court while others were not.  The Garbers contend:

---

[1] The issues set forth in the Garbers opening brief are that the Bankruptcy Court erred in authorizing payment to National Union from the estate because National Union's claim was subject to a standard of strict scrutiny to which the Bankruptcy Court did not adhere, that National Union was adverse to the Chapter 7 estate at all relevant times, and that the Bankruptcy Court erred in authorizing payment under 11 U.S.C. § 503(b)(2)(B) because National Union did not seek approval from the Bankruptcy Court prior to any recovery which benefitted the estate and did not provide any reason for failing to seek such prior approval

2

>     Judge Coyle still needs to decide the
>     District Court Fee Motion as to whether any
>     or all of these fees should be allowed.  If
>     he also decides the appeal from the
>     Bankruptcy Court Fee Motion, he will be
>     deciding whether fees and costs which he
>     might or might not allow in connection with
>     the District Court Fee Motion should or
>     should not be allowed under the Bankruptcy
>     Court Fee Motion.  As a result, he will be
>     hearing or determining an appeal of a case or
>     issue tried by him, which is a violation of
>     28 U.S.C. Section 547 [sic].  He should
>     therefore recuse himself under that provision
>     and/or 28 U.S.C. § 455(a).

A.   Waiver.

National Union argues that the Garbers have waived their right to seek recusal.[2]

As recently reiterated by the Ninth Circuit in Skokomish Indian Tribe v. United States, 410 F.3d 506, 519 (9th Cir. 2005):

>     A motion for recusal must be made with
>     'reasonable promptness after the ground for
>     such a motion is ascertained.' *Preston v.
>     United States*, 923 F.2d 731, 733 (9th Cir.
>     1991); *see also Wood v. McEwen*, 644 F.2d 797,
>     802 (9th Cir. 1981)(per curiam)(waiting
>     sixteen months after discovering the ground
>     for recusal was untimely and resulted in a
>     waiver).  The Tribe knew it was litigating a
>     case against TPU in Tacoma federal court,
>     before a Tacoma-area judge.  It should have
>     known when it filed its complaint that it
>     might want to seek recusal of the judge

---

[2]National Union argues that the Garbers waived their right to seek recusal by failing to raise the issue in their opening brief. Although the failure to raise an issue in the opening brief on appeal generally constitutes a waiver of that issue, see Kim v. Kang, 154 F.3d 966, 1000 (9th Cir.1998), the recusal motion has nothing to do with the merits of the issues raised in the appeal from the Bankruptcy Court's orders and, therefore, would not have been properly raised in the opening brief.  Consequently, the Garbers did not waive their right to seek recusal by failing to raise the issue in their opening brief.

3

>assigned to the matter. At the very least, the Tribe admits that it believed it had grounds for recusal at least seven months before filing the motion. The district court thus did not abuse its discretion in denying the recusal motion. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001).

The Garbers argue that this motion is timely and that they have not waived their right to seek recusal:

>It appeared to Appellants that Judge Coyle has the choice between hearing the appeal and not deciding the fee issue still pending before him from 2003, or deciding the fee issue and not hearing the appeal. If he were to do the former, 28 U.S.C. § 47 might not apply (although it should be noted that Judge Coyle did decide similar fee issues involving the same fees before the last appeal to the Ninth Circuit). In any event, it appeared prudent to have all matters briefed so that he could make a considered decision on the issue with all briefs before him.

The Garbers have known since July 30, 2004 that this appeal was assigned to me. They did not move for recusal until approximately 10 months after the assignment and after the briefing on the appeal was closed and the matter was ready to be set for oral argument. As National Union argues, the Garbers cannot argue in good faith that they were not aware of the basis upon which this motion is based at the time the appeal was assigned given that the Garbers made a similar recusal motion in connection with a previous appeal from the bankruptcy court to this court in No. CV-F-96-5858 REC. The issue of recusal should have been raised immediately upon the assignment of this appeal. The Garbers' assertion that the issue of recusal should be considered after the briefing on the bankruptcy appeal was

4

1 completed makes no sense given their position that I cannot hear
2 this appeal because of the attorneys fees motion pending in the
3 Fraudulent Conveyance Action.  Even if the attorneys fees motion
4 in the Fraudulent Conveyance Action had been resolved immediately
5 after this appeal was filed, the grounds upon which the Garbers
6 seek recusal would still exist.

7      Consequently, the Garbers have waived their right to seek my
8 recusal in this bankruptcy appeal.

9      However, even if the Garbers had not waived their right to
10 seek recusal, the grounds upon which the Garbers base this motion
11 are without merit.

12      B.  <u>28 U.S.C. § 47</u>.

13      28 U.S.C. § 47 provides that "[n]o judge shall hear or
14 determine an appeal from the decision of a case or issue tried by
15 him."

16      In seeking recusal pursuant to Section 47, the Garbers
17 contend that the attorneys fees approved by the Bankruptcy Court
18 and the subject of the appeal arose primarily from the Fraudulent
19 Conveyance Action and appeals associated with the Fraudulent
20 Conveyance Action.  The Garbers assert that National Union, in
21 seeking an award of attorneys' fees in the Fraudulent Conveyance
22 Action

> argued that it had 'substantially benefitted'
> the bankruptcy estate and therefore was
> entitled to fees through the District Court.
> Appellants argued that NU was violating the
> automatic stay and that any decision on this
> point could interfere with the Bankruptcy
> process.

5

1  The Garbers refer the court to a declaration of National Union's
2  counsel, Scott Reddie, filed in the Fraudulent Conveyance Action,
3  wherein Mr. Reddie averred:

> Rather than submitting all of the bills [of McCormick, Barstow, NU's counsel] to this Court again, I am just submitting the declaration that I filed in the bankruptcy court which explains the different categories of fees as well as a chart of the fees. The numbers on this chart are different than the numbers on the chart marked as Exhibit 'G' and submitted on July 7, 2000 with the motion for attorneys' fees because of the increased number of categories. To the extent the Court would like to see the bills that were broken down into 15 categories and submitted to the bankruptcy court, I will submit them to the Court.

12 The Garbers contend that this averment from Mr. Reddie's
13 declaration establishes that

> the analysis of NU's fees which were submitted to the bankruptcy judge in connection with the Bankruptcy Court Fee Motion is the same analysis which is still sitting before this Court in connection with the District Court Fee Motion. Judge Coyle is therefore simultaneously being asked to rule on the same fees in connection with the District Court Fee Motion and in connection with the appeal from the Bankruptcy Court Fee Motion.

20 The Garbers argue that Section 47 applies here to disqualify you
21 from hearing this bankruptcy appeal:

> Although the bankruptcy judge reduced NU's fee request substantially, the appellants argue in their appeal that fees were improperly awarded. The fact that a request for payment concerning the same fees are pending in the District Court Fee Motion may well have an impact on the decision on appeal. Furthermore, the fact that Judge Coyle needs to consider what the bankruptcy

|   |   |
|---|---|
| 1 | judge did in connection with the Bankruptcy Court Fee Motion may well influence his decision in deciding the District Court Fee Motion.  The fees awarded by the bankruptcy judge are among those pending in the District Court Fee Motion.  Part of the fees she rejected are also included in the District Court Fee Motion. |

In opposing the motion to recuse on this ground, National Union argues that Section 47 only applies to Circuit Court judges, not district court judges.

In so arguing, National Union refers the court to <u>United States v. Zarowitz</u>, 326 F.Supp. 90, 92 n.4 (C.D. 1971):

> It is to be noted that [Section 47] is found in the Judicial Code in Chapter 3 which is solely concerned with organization of the Courts of Appeal and has absolutely nothing to do with the District Courts.

National Union further refers the court to <u>In re Linder</u>, 215 B.R. 826, 831 (6th Cir. BAP 1998):

> The Panel further notes that Congress has previously addressed the issue of a federal trial judge's participation in appellate review when it enacted 28 U.S.C. § 292(a), which provides for a district judge's service as part of a circuit panel.  In such circumstances, a district judge is prohibited from hearing an appeal from the district judge's own docket but not from hearing an appeal from other judges in that same district.  28 U.S.C. § 47.  Such precision by Congress in enacting legislation governing federal trial judges' participation in appellate service forecloses the argument advanced by the Appellant that a conflict exists when this Panel is acting in accordance with specific statutory authorization.

Relying on these cases, National Union argues:

> Section 47 only applies to an appeal from the

7

| | |
|---|---|
| 1 | decision of a case or issue tried by Judge Coyle.  The matter under appeal was tried by Judge Rimel in the Bankruptcy Court under bankruptcy case number 94-14422.  She determined that National Union was entitled to an administrative expense claim in the Garber bankruptcy because some of the fees incurred in the fraudulent transfer action benefitted the bankruptcy estate.  The matter that is pending in the District Court, on the other hand, was tried by Judge Coyle in a different case, case number CV-F-94-5414 REC.  Furthermore, the issues are not the same in the two cases.  In the District Court case, National Union is seeking recovery of its fees incurred on several different theories against both the Garbers and Betty Ting (who is not even part of the Garber bankruptcy or the appeal). |

National Union further notes that the Garbers do not cite a case holding that Section 47 requires recusal of a district court judge from hearing an appeal from a bankruptcy case because a different case pending before him includes an issue that is similar.

The Garbers respond that Section 47 can apply to a district judge sitting in a bankruptcy appeal.  Although the Garbers concede that the Central District stated in a footnote that Section 47 is inapplicable to district court judges, the decision itself did not involve a district judge sitting in appeal from a bankruptcy ruling.  In addition, the Garbers contend, that the statute was codified in Chapter 3 of the Judicial Code "is not well-taken" because the "statute must be taken in context."  The Garbers, referring to the wording of Section 47, i.e., "[n]o judge shall hear or determine an appeal from the decision of a[n] ... issue tried by him", contends that I have before me the

8

1 "issue" of the allowance of attorneys' fees to National Union in
2 connection with all of the litigation between National Union, the
3 Garbers and Betty Ting. The Garbers argue:

> In effect, Judge Coyle is now being asked to decide whether the bankruptcy judge was correct in awarding a portion of the fees which he may (or may not) award in the fee motion still pending before him. He has tried (but still must decide) the issue of awarding these same fees, and the appeal involves the awarding and payment of the same fees.
>
> The purpose of Section 47 is to have an appeal come before a judge who is not influenced by having formed an opinion at the trial level. True, because of the intricacies of the present case, Judge Coyle's forming of an opinion has taken place as a trial judge in the district court. The appeal to him comes from the bankruptcy court, and he did not decide the issue in the bankruptcy court. However, the purpose of the statute is to prevent situations in which the judge on appeal must pass on matters involving his own decisions ....
>
> In the present case, Judge Coyle has pending before him precisely the same fees, and the issue of whether they should be allowed, and precisely the same parties affected by the decision involving concerning fees. At this stage, it is difficult to say whether he will first render a decision in the case which has been pending before him ... or rather if he will decide the appeal first. Either way, however, he must inevitably take into account in his first decision the fact that he will be rendering a decision in the other case, which means that the decision in the appeal will be substantially influenced by his decision in the ... fee case. In a sense, this is like the old adage, which asserts that one can turn lead into gold by speaking a magic word, so long as one doesn't think of the word 'hippopotamus.' Naturally, having been told that one must not think of the word 'hippopotamus,' one cannot effect the

>                    metallic transmutation.  Similarly, in
>                    deciding the appeal, Judge Coyle cannot avoid
>                    considering his own pending decision on the
>                    same fees involved, and the impact of his
>                    decision in the appeal on his decision in the
>                    same matter before him as the trial judge.
>                    As a result, he cannot really make an
>                    independent appellate decision, which is the
>                    purpose for Section 47 in the first place.

The court concludes that Section 47 could be applied to preclude a district judge from hearing an appeal from a bankruptcy ruling made by that judge while on the bankruptcy court. However, Section 47 means exactly what it says - a judge cannot sit in appeal on an issue decided by him or her. Here, in the bankruptcy appeal, I will be sitting in appeal of a decision made by Judge Rimel. Even if the attorneys' fees motion pending before me in the Fraudulent Conveyance Action had been decided before this appeal was filed or shortly thereafter, there would be no basis for recusal under Section 47 because I did not make Judge Rimel's decision, Judge Rimel did. Furthermore, the attorneys' fees motion pending before me is much broader than the fee request in the bankruptcy court and asserts other grounds for the award other than the benefit to the bankruptcy estate and also involves a request for attorneys' fees from Betty Ting. While the issues are similar to an extent, the issues arise in different cases before different courts. Therefore, even if the court had ruled that the Garbers did not waive their right to seek recusal, the motion to recuse is denied to the extent that it relies on Section 47.

C.   28 U.S.C. § 455(a).

10

The Garbers also base this motion on 28 U.S.C. § 455(a). Section 455(a) provides:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In seeking recusal pursuant to Section 455(a), the Garbers contend that the appearances in this case demonstrate the impropriety of my hearing the instant appeal:

> Judge Coyle was the district judge who originally ruled against the Garbers on summary judgment and in favor of National Union, resulting in NU's claims against them. Subsequently, National Union filed the District Court Case, and Judge Coyle was assigned that case. Judge Coyle <u>sua sponte</u> withdrew the reference of the adversary proceeding which NU had initially filed in the bankruptcy court, a highly unusual occurrence in itself.
>
> Judge Coyle decided the District Court Case against the Garbers, and they partially prevailed on appeal. The issue concerning attorneys fees and costs were returned to Judge Coyle by the Ninth Circuit .. NU filed its claim with the bankruptcy court and followed up with the District Fee Motion. That latter motion was argued and submitted in July 2003. In the meantime, the Chapter 7 trustee objected to NU's claim for many of the same fees. The Bankruptcy Court Fee Motion was argued, decided, and is now on appeal before Judge Coyle.
>
> It would appear exceptionally unfair for Judge Coyle to hear an appeal which covers the same facts, fees, and costs which are still pending before him ... NU filed three lawsuits against the Garbers. All of the significant decisions in these three cases have been made by Judge Coyle. He has never allowed any case to go to a jury, ruling in NU's favor on summary judgment and dismissing all of the Garbers' counterclaims. He

11

> withdrew the reference from the bankruptcy court of NU's denial of discharge action against the Garbers - a case which still remains pending and undecided ... Under all the facts, no reasonable person would believe Judge Coyle would be making a dispassionate decision as an appellate judge concerning fees and costs involving the District Court Case while the same issues are pending before him in the District Court Fee Motion.

To the extent that the Garbers base this aspect of their motion to recuse on the facts that I have ruled against them in other litigation and withdrew the reference to the bankruptcy court, these grounds for recusal have been rejected by the Ninth Circuit on the Garbers' appeal in No. CV-F-96-5858 REC. Furthermore, judicial rulings do not constitute grounds for disqualification. See Liteky v. United States, 510 U.S. 540, 555-556 (1994); United States v. Conforte, 624 F.2d 869 (9th Cir.), cert. denied, 449 U.S. 1012 (1980).

The Garbers have not demonstrated that recusal under Section 455(a) is required. As National Union notes, I am not sitting as a trial judge and an appellate judge in the same case. The instant appeal arises out of the Garber bankruptcy heard by the Bankruptcy Court whereas the Fraudulent Conveyance Action is pending in the District Court under a different case number. As noted, there is an additional party in the Fraudulent Conveyance Action and the issues in the Fraudulent Conveyance Action pertaining to the pending motion for attorneys fees are not identical to those involved in the appeal from the Bankruptcy Court's ruling on attorneys' fees. Furthermore, the Garbers cite

no cases which state or even infer that a district court judge must recuse himself from hearing a bankruptcy appeal because there is pending before the same judge a district court action involving some of the same parties or even some of the same issues.  Consequently, even if the court had ruled that the Garbers did not waive their right to seek recusal, the motion to recuse is denied to the extent that it relies on Section 455(a).

ACCORDINGLY:

1.  Appellants' Motion to Recuse Judge Coyle is denied.

IT IS SO ORDERED.

**Dated:  August 12, 2005**          ____/s/ Robert E. Coyle____
668554                                UNITED STATES DISTRICT JUDGE